IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAHSAIAH MCCURDY,

    Plaintiff,

    v.

DEKALB COUNTY
a municipal corporation of the State of
Georgia,

    Defendant.

CIVIL ACTION FILE
NO. 1:09-CV-1989-TWT

ORDER

This is a civil rights case. It is before the Court on DeKalb County's Motion for Summary Judgment [Doc. 22], which is GRANTED.

I. Introduction

On July 22, 2007, Officers William Miguel, Michael Porter, Terry White, and Willie McClelland responded to complaints of juvenile curfew violations and possible gang activity at the Warehouse Nightclub in Lithonia. According to the officers, they observed a crowd of 20 to 30 people standing outside in the parking lot. The officers advised them to either go home or go inside the club. As people began walking back to the club, gunshots were fired. Each officer says that he observed a black male in a green shirt leaning out of the passenger side of a burgundy Chrysler Pacifica firing

a handgun toward the crowd.  Each officer testifies that he discharged his weapon in the direction of the shooter at least once.  The Chrysler left the parking lot, and the officers followed the vehicle.  The officers caught up with the vehicle approximately one mile from the club.  They arrested the driver and the passengers.  Two of the passengers, including Plaintiff Jahsaiah McCurdy, had been shot. McCurdy says that the driver and the other passengers were unarmed and were not responsible for the shooting.  On July 22, 2009, he sued Officers Miguel, Porter, White and McClelland and DeKalb County under 42 U.S.C. § 1983 and state law.  The suit against the officers was dismissed pursuant to Federal Rule of Civil Procedure 4(m) for no service.  The County now moves for summary judgment.

## II.  Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond

the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

A.   Section 1983 Claims

McCurdy says that the County is liable under 42 U.S.C. § 1983 for constitutional violations.  In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that municipalities are liable only for constitutional violations resulting from their official policies and customs.  Id. at 691.  In other words, "a municipality cannot be held liable under § 1983 on a respondeat superior theory."  Id.  One way a plaintiff may demonstrate the existence of a policy or custom is by showing a government policy of inadequate training or supervision.  To demonstrate a policy of inadequate training, the plaintiff must show proof of deliberate indifference by the local government.  City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Here, McCurdy offers no evidence of inadequate training or any other official policy or custom.  The County, on the other hand, offers an affidavit from the DeKalb County Police Department's Master Patrol Officer describing a mandatory twenty-six week entry-level training program and an annual in-service training program, both of which include training in the use of force.  (West Aff. ¶¶ 6, 7, 12.)  The County also

emphasizes that the DeKalb County Use of Force Policy provides that "excessive force and brutality on individuals by any member of this Department will not be permitted." (West Aff., Ex. A.)  Because McCurdy offers no evidence showing an official policy or custom, the County is entitled to summary judgment on McCurdy's § 1983 claims.

    B.    <u>State Law Claims</u>

McCurdy also says that the County is liable under state law for intentional infliction of emotional distress, false imprisonment, false arrest, aggravated assault, battery, and negligence.  However, under Georgia law, county governments are accorded sovereign immunity unless liability is imposed upon them by statute. O.C.G.A. § 31-1-4.  Here, there is no statute waiving sovereign immunity.  Therefore, the County is entitled to summary judgment on McCurdy's state law claims.

### IV.  Conclusion

For the reasons stated above, DeKalb County's Motion for Summary Judgment [Doc. 22]  is GRANTED.

SO ORDERED, this 8 day of December, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge